# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIANG HAOWEI,<br><br>    Petitioner,<br><br>    v.<br><br>DAVID W. JENNINGS, et al.,<br><br>    Respondents. | Case No. 1:18-cv-01709-EPG-HC<br><br>ORDER DENYING RESPONDENT'S FIRST MOTION TO DISMISS AS MOOT, GRANTING RESPONDENT'S SECOND MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF Nos. 13, 17) |

    Petitioner Liang Haowei is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 12, 14).

    Petitioner is a citizen of the People's Republic of China who was detained by U.S. Immigration and Customs Enforcement ("ICE") and ordered removed by an Immigration Judge on or about May 11, 2018. Petitioner did not appeal the removal order to the Board of Immigration Appeals. (ECF No. 1 at 3–4).[1]

    On November 23, 2018, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Northern District of California. (ECF No. 1). On December 4, 2018, the Northern District ordered that the petition be transferred to this Court.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

(ECF No. 6). In the petition, Petitioner claims that he is being detained by ICE past the six-month presumptively reasonable period for removal and that his removal is not significantly likely to occur in the reasonably foreseeable future. (ECF No. 1 at 4–5).

On February 14, 2019, Respondents filed a motion to dismiss the petition, arguing that Petitioner has been granted an opportunity for release and that this Court would have no jurisdiction over a possible challenge to modify the bond amount. (ECF No. 13 at 1–2). Petitioner filed an opposition. (ECF No. 15). On April 3, 2019, the Court ordered supplemental briefing on the alleged failure of immigration officials to consider financial circumstances and alternative conditions of release in making the bond determination. (ECF No. 16).

On April 24, 2019, Respondents filed a second motion to dismiss the petition in light of Petitioner's release from immigration custody on an order of supervision. (ECF No. 17). Petitioner has not filed any opposition to the second motion to dismiss, and the time for doing so has passed.

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). In the petition, Petitioner requests immediate release from ICE custody. (ECF No. 1 at 5). On April 17, 2019, Petitioner was released on an order of supervision. (ECF No. 17-1). Given that Petitioner has received the remedy to which he would have been entitled had this Court rendered a favorable judicial decision on his petition, the Court finds that no case or controversy exists. See Abdala v. INS, 488 F.3d 1061, 1064 (9th Cir. 2007) (citing with approval cases that found "a petitioner's release from detention under an order of supervision 'moot[ed] his challenge to the legality of his extended detention'") (alteration in original) (quoting Riley v. INS, 310 F.3d 1253, 1256–57 (10th Cir. 2002)).

///

Accordingly, the Court HEREBY ORDERS that:

1. Respondent's first motion to dismiss (ECF No. 13) is DENIED as moot;
2. Respondent's second motion to dismiss (ECF No. 17) is GRANTED;
3. The petition for writ of habeas corpus (ECF No. 1) is DISMISSED as moot; and
4. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated: **June 12, 2019**

/s/ *Eric P. Grosjean*
UNITED STATES MAGISTRATE JUDGE